

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ OCT 14 2011 ★
BROOKLYN OFFICE

STEPHEN SEALY,

    Plaintiff,

- against -

THE CITY OF NEW YORK, *et. al*,

    Defendants.

MEMORANDUM ORDER
AND JUDGMENT

10-CV-05851

**JACK B. WEINSTEIN, Senior United States District Judge:**

    Plaintiff, after being identified by an eyewitness who was interviewed by New York City police officers in connection with a murder investigation, was eventually indicted by a grand jury and was charged with murder. He was acquitted after a bench trial.

    The trial judge found the government's identifying witness credible, but concluded that the witness's testimony was not sufficient to prove the case beyond a reasonable doubt. Trial Transcript 703-704. In dictum, the court opined that the investigative work was "substantially short of stellar," since the identification "pretty much ended the police investigation." *Id.* at 704.

    Mr. Sealy sues named and unnamed police officers for false arrest, false imprisonment, malicious prosecution, and racial profiling, and the City of New York for the claimed failures of its police. Defendants move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure Rule 12(c) and—by the court's direction of July 7, 2011—for summary judgment under Rule 56. On the facts of this case, no "plausible" claim can be stated or proved against any defendant, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), requiring summary judgment to be granted.



Plaintiff's state-law claims have no merit. "It is abundantly clear that a finding of probable cause will defeat [New York] state tort claims for false arrest, false imprisonment, and malicious prosecution." *Zanghi v. Inc. Vill. of Old Brookville*, 752 F.3d 42, 45 (2d Cir. 1985). Given the witness identification, there was probable cause for the arresting officer to believe that a crime had been committed by defendant and to arrest him.

Plaintiff has also asserted federal civil rights claims, for false arrest, false imprisonment, and malicious prosecution. *See* 42 U.S.C. § 1983. The existence of probable cause for plaintiff's arrest is fatal to these constitutional claims. *See, e.g., Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 139 (2d Cir. 2010) (false arrest); *Manganiello v. City of New York*, 612 F.3d 149, 161-62 (2d Cir. 2010) (malicious prosecution); *DiMascio v. City of Albany*, No. 99-7653, 2000 WL 232053, at *1 (2d Cir. Jan. 26, 2000) (summary order) (false imprisonment).

Plaintiff's § 1983 claim against the City of New York is without factual basis. To assert a § 1983 claim against a city, a plaintiff must demonstrate that, as a result of some official policy or practice, the municipal government is responsible for its employees' violation of constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978). A *Monell* plaintiff must demonstrate the existence of a municipal policy or custom that caused the deprivation of his constitutional rights by the misbehaving officers. *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985). No policy, practice or lack of appropriate control of police officers has been alleged or can be proven.

The City cannot be found liable under § 1983 for acts of its employees under the doctrine of *respondeat superior*. *See, e.g., Roe v. City of Waterbury*, 542 F.3d 31, 36-37 (2d Cir. 2008). Nevertheless, the City has agreed to pay any judgment against the officers, making the *Monell* claim effectively redundant. Since the officers are not liable, neither is the City.

Plaintiff's final claims of selective prosecution and of interference with familial relationships are conclusory and without evidentiary bases.

Since plaintiff's claim can have no basis in fact or law, they are dismissed. Leave to amend is denied. The Clerk of Court shall enter judgment for all defendants. No costs or disbursements.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: October 12, 2011
Brooklyn, New York